IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL KEMP, | ) | |
| Plaintiff | ) | C.A. No. 19-304 Erie |
| | ) | |
| v. | ) | District Judge Susan Paradise Baxter |
| | ) | |
| WALLACE 2ND SHIFT, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

On October 24, 2019, the Clerk of Courts received a "complaint" filed by Plaintiff Samuel Kemp, in inmate at the State Correctional Institution at Albion, Pennsylvania; however, Plaintiff failed to pay the filing fee or file a motion to proceed *in forma pauperis*, and his complaint was largely illegible. As a result, this Court issued an Order, dated November 26, 2019, requiring Plaintiff to either pay the filing fee to the Clerk of Courts or file a motion to proceed *in forma pauperis* with accompanying certified inmate account statement, along with a legible complaint, or suffer dismissal of this case. [ECF No. 4]. In the meantime, this case was closed administratively.

Plaintiff subsequently filed a motion to proceed *in forma pauperis* [ECF No. 9], however the motion was not accompanied by the required inmate account statement. In addition, Plaintiff failed to file a legible complaint and had not provided a USM-285 service form for the Defendant. As a result, this Court issued another Order on April 2, 2020, requiring Plaintiff to file the account statement, legible complaint, and service form by April 30, 2020, or suffer dismissal of this case [ECF No. 10]. Upon Plaintiff's request, this deadline was extended to May 30, 2020, by Order dated April 14, 2020 [ECF No. 13]. Since then, the only additional

document that has been filed by Plaintiff is a USM Service form for Defendant.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, it is apparent that, since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has failed to comply with multiple orders of this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of her claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Accordingly, this case will be dismissed for Plaintiff's failure to prosecute.

An appropriate Order follows.

_____
Susan Paradise Baxter
United States District Judge